959 F.2d 231
 34 Fed. R. Evid. Serv. 1432
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: ONE FEMALE JUVENILE VICTIM, Appellant,
UNITED STATES OF AMERICA Plaintiff,
v.
Dwayne STAMPER, Defendant-Appellee.
 No. 91-5334.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 7, 1992
Decided: April 1, 1992
 
 ARGUED: Stephen Paul Lindsay, LINDSAY & TRUE, Asheville, North Carolina, for Appellant.
 William Andrew Parker, LONG, PARKER, HUNT, PAYNE & WARREN, P.A., Asheville, North Carolina, for Appellee.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and OSTEEN, United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 An alleged statutory rape victim ("appellant") seeks reversal of a trial court order entered on June 12, 1991, in the United States District Court for the Western District of North Carolina allowing the admission of evidence pertaining to allegations of the prior "sexual conduct" of appellant made by defendant Dwayne Stamper ("appellee").
 
 
 2
 The case began with an indictment on September 13, 1990, alleging that the appellee engaged in a sexual act with the appellant who was between the ages of twelve and sixteen and was at least four years younger than the appellee in violation of 18 U.S.C. § 2243(a) (1988). In that the alleged crimes were committed on an Indian reservation in North Carolina, jurisdiction was found pursuant to 18 U.S.C. § 1153 (1988).[1]
 
 
 3
 On November 9, 1990, the appellee moved for permission to introduce certain evidence notwithstanding the provisions of Fed. R. Evid. 412.[2] Subsection (b)(1) of Rule 412 permits the introduction of evidence of past sexual behavior if such evidence is"constitutionally required to be admitted." The evidence at issue consisted of information intended to show that in the past the appellant had attempted to accomplish certain personal objectives by accusing older men of sexual abuse. The appellee contended that the evidence was admissible to show the appellant's improper motive and plan in falsely accusing him in the present case.
 
 
 4
 The trial began on December 3, 1990, and at that time the court appointed counsel to assist the appellant. On December 4, 1990, the district court held an in camera hearing in order to determine the admissibility of the aforementioned evidence. At that time, the court continued the case and dismissed the eight jurors who had been selected the previous day. Briefs on the question of admissibility vel non were submitted by both parties. In a Memorandum Opinion and Order filed on June 12, 1991, the court ruled that the evidence was admissible. The district court, assuming for the sake of its order that the evidence fell within the scope of Fed. R. Evid. 412, found that the evidence was constitutionally necessary, and therefore, admissible under Rule 412, because the Confrontation Clause of the Sixth Amendment required admission of the evidence.
 
 
 5
 We find that the district court acted well within its discretion when it ruled that the Rule 412 evidence was admissible because of its necessity under the Sixth Amendment. We adopt and affirm the opinion and order in United States v. Stamper, No. CR-90-174-BC-1, United States District Court for the Western District of North Carolina.
 
 AFFIRMED
 
 
 [1]
 The section gives the United States sole jurisdiction over certain crimes, including statutory rape, committed by Indians on Indian reservations
 
 
 [2]
 Rule 412 renders inadmissible"reputation or opinion evidence of the past sexual behavior of an alleged victim."